IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASE ACCESS, JEDD COWSER, LISA DEMUSIS, CATHERINE HANSEN, RYAN KEMPF, CHARLEY KURLINKUS, and MARSHALL MILLER,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL PARK SERVICE**; **JESSICA BOWRON,** Acting Director of the National Park Service, in her official capacity; **DEPARTMENT OF THE INTERIOR**; **DOUG BURGUM,** Secretary of the Department of the Interior, in his official capacity; **PAM BONDI,** Attorney General, in her official capacity,<br><br>*Defendants*. | Case No. 4:25-cv-790 |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. **Rule 26(f) meeting.** State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.

    Because this matter will likely proceed on the administrative record, it is exempt from Rule 26(f)'s requirements.[1] Nonetheless, the parties met and conferred by telephone on April 30, 2025. The counsel who attended for each party are provided below.

    Counsel for Plaintiffs:

    Casey Norman
    Kara Rollins
    Sheng Li

---

[1] Plaintiffs reserve the right to request more information via Rule 26 discovery if, upon review of the administrative record, the record is either incomplete or additional information is required.

John Vecchione
Casey.Norman@ncla.legal
Kara.Rollins@ncla.legal
Sheng.Li@ncla.legal
John.Vecchione@ncla.legal

NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210

Adam Adler
aadler@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K St., NW Suite 800
Washington, DC 20006
Telephone: (202) 894-7312

Counsel for Defendants:

J. Scott Thomas (VA Bar 86439)
Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
jeffrey.thomas2@usdoj.gov

2. **Jurisdiction.**

   a. **Basis.** Specify the basis of federal jurisdiction. Identify any disagreements about jurisdiction.

   Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the federal law claims arise under the Constitution and the Administrative Procedure Act. This Court may issue a declaratory judgment and grant permanent injunctive relief pursuant to 28 U.S.C. §§ 2201-2202. The Court may also compel or hold unlawful and set aside agency action pursuant to 5 U.S.C. § 706.

   Defendants may file a motion to dismiss challenging the sufficiency of Plaintiffs' jurisdictional allegations, including standing.

    b. **Diversity.** For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

    N/A.

3. **Case background.**

    a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

    **Plaintiffs' Position:**

    Plaintiffs allege that the NPS Organic Act, in conjunction with the criminal statute 18 U.S.C. § 1865(a), unconstitutionally delegates legislative power to make criminal law and thus violates the Vesting Clause of the United States Constitution. Plaintiffs further allege that the NPS Organic Act is impermissibly vague because it fails to define what conduct is criminal, providing no clear guidelines for enforcement, instead authorizing Defendants DOI and NPS to criminalize, in the agencies' unfettered discretion, activities, including BASE jumping, by inventing "necessary or proper" regulations that carry criminal penalties. Plaintiffs also allege that the Aerial Delivery Rule, which prohibits "delivering or retrieving a person or object by parachute, helicopter, or other airborne means," 36 C.F.R. § 2.17(a)(3), is impermissibly vague, as applied to BASE jumping. Lastly, with respect to the Administrative Procedure Act, Plaintiffs allege that (1) Defendants' construction of the Aerial Delivery Rule to encompass BASE jumping is incorrect, unreasonable, arbitrary, and capricious under the APA; and (2) Defendants' categorical refusal to permit BASE jumpers to lawfully jump in the national parks—or to initiate an assessment of BASE jumping to determine whether it might be compatible with park standards and values—is arbitrary and capricious.

    **Defendants' Position:**

    Plaintiffs have accurately summarized their factual allegations; however, Defendants do not concede those factual allegations are true.

    b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

    None.

    c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

    Not at this time.

    d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

    Defendants may file a motion to dismiss, which could narrow some of the legal issues or resolve the case entirely.

    e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

    None at this time.

4. **Parties.**

    a. **Unserved parties.** List any unserved parties. State a date certain by which such party will be served.

    None.

    b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

    None at this time.

    c. **Interventions.** List and briefly explain any anticipated interventions.

    None.

    d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

    Plaintiffs filed a Disclosure of Interested Parties on April 29, 2025.

5. **Discovery.**

    At this time, the Parties have agreed to proceed on the administrative record, rather than Rule 26 discovery. However, Plaintiffs reserve the right to request more information via Rule 26 discovery if, upon review of the administrative record, the record is either incomplete or additional information is required. The parties have included a deadline to move to complete or supplement the administrative record or compel discovery into their proposed scheduling order. Because this is an administrative record case, Defendants will oppose any attempt to compel discovery beyond the information contained in the record itself.

6. **Orders.**

    a. **Scheduling and docket control order.** State whether any party requests a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

    The Court's current scheduling order provides for fact and expert discovery, which is generally not applicable in administrative record cases. The parties have attached a proposed scheduling order that they believe more closely addresses the deadlines necessary in an administrative record case. The parties' proposed scheduling order should resolve the case sooner than the Court's original scheduling order.

    b. **Protective order.** State whether the parties will submit for entry of a protective order. Describe any issues about confidentiality.

    N/A.

    c. **E-discovery order.** State whether the parties will submit for entry of an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

    N/A.

7. **Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

    The parties discussed the possibility of settlement during their meet-and-confer and are open to mediation or a court-sponsored settlement conference and have built an ADR deadline into their proposed scheduling order. The parties believe settlement discussions would be most fruitful, if necessary, after the Court resolves any motion to dismiss filed by Defendants.

8. **Trial.**

    a. **Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to the Magistrate Judge assigned to this matter.

    Defendants do not oppose proceeding before the Magistrate Judge; however, Plaintiffs do not consent at this time. The parties will alert the Court if they decide to consent to the Magistrate Judge presiding over this matter.

    b. **Jury demand.** Identify any party that has made a jury demand and whether it was timely.

      This case is likely to proceed on the administrative record and will likely be resolved by cross-motions for summary judgment, not a jury trial. However, Plaintiffs timely made a jury demand and do not waive their right to a jury should the case proceed differently than expected.

   c. **Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

      It is unlikely that this case will result in a jury trial.

9. **Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

      There are no pending motions at this time; however, Defendants are likely to file a motion to dismiss, and the parties have proposed a briefing schedule.

10. **Other matters.** List any other matter that deserves attention at the initial pretrial conference.

      None.

                                  Respectfully submitted,

                                /s/ Casey Norman
                                Casey Norman
                                Litigation Counsel
                                New York Bar # 5772199
                                SDTX # 3845489
                                Casey.Norman@ncla.legal
                                Attorney-in-Charge

                                /s/ Kara Rollins
                                Kara Rollins*
                                Litigation Counsel
                                New York Bar # 5448147
                                Kara.Rollins@ncla.legal
                                * Pro Hac Vice Motion Forthcoming

                                NEW CIVIL LIBERTIES ALLIANCE
                                4250 N. Fairfax Dr., Suite 300
                                Arlington, VA 22203
                                Telephone: (202) 869-5210

                                *Counsel for All Plaintiffs*

/s/ Adam Adler
Adam Adler*
New York Bar # 5470174
E-mail: aadler@reichmanjorgensen.com
* Pro Hac Vice Motion Forthcoming

REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K St., NW Suite 800
Washington, DC 20006
Telephone: (202) 894-7312

*Counsel for Plaintiff BASE Access*

Adam R.F. Gustafson
Acting Assistant Attorney General
U.S. DEPARMENT OF JUSTICE
Environment and Natural Resources
Division

/s/ *J. Scott Thomas*

J. SCOTT THOMAS (VA Bar 86439)
Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553 (Thomas)
jeffrey.thomas2@usdoj.gov

*Attorneys for Defendants*