# EXHIBIT A

Feb. 8, 2024 Guidance Memo



**United States Department of the Interior**

NATIONAL PARK SERVICE
1849 C Street, NW
Washington, DC 20240

IN REPLY REFER TO:
10.A (2400)

Memorandum

To:          Associate and Assistant Directors
             Regional Directors

From:        Associate Director (A), Visitor and Resource Protection  WILLIAM SHOTT  *Digitally signed by WILLIAM SHOTT Date: 2024.02.08 11:55:42 -05'00'*

Subject:     Managing BASE Jumping

**Background**

BASE jumping is the recreational sport of jumping from fixed objects, including artificial structures and natural features, using a parachute to descend to the ground. Additional equipment, like wing-suits, may be included in a BASE jump, however a parachute is still required for landing. Recently, several National Park System units have received inquiries about BASE jumping, including permit applications for BASE jumping at specific times, dates, and locations. The National Park Service (NPS) also has received several requests for information pursuant to the Freedom of Information Act about its management of BASE jumping.

In response to renewed interest in this recreational activity, the NPS is issuing guidance reaffirming NPS regulations and policies about how BASE jumping should be managed.

<u>Legal and Policy Framework</u>

NPS regulations at 36 CFR 2.17(a)(3) prohibit delivery of a person by airborne means, except pursuant to the terms and conditions of a permit. This regulation is not limited to BASE jumping, and includes activities such as hang gliding and paragliding. Several parks have special regulations, similar to the general regulations, that also require a permit for powerless flight.[1]

NPS regulations at 36 CFR 1.6 state that activities authorized by a permit must be consistent with applicable legislation, Federal regulations and *administrative policies*, and based upon a determination that public health and safety, environmental or scenic values, natural or cultural

---

[1] See special regulations for Shenandoah National Park (36 CFR 7.15(b)), Yosemite National Park (36 CFR 7.16(c)), Blue Ridge Parkway (36 CFR 7.34(c)), Delaware Water Gap National Recreation Area (36 CFR 7.71(a)), Sleeping Bear Dunes National Lakeshore (36 CFR 7.80(a)), Point Reyes National Seashore (36 CFR 7.81(a)), Indiana Dunes National Park (36 CFR 7.88(b)), Whiskeytown National Recreation Area (36 CFR 7.91(c)), Golden Gate National Recreation Area (36 CFR 7.97(b), and Appalachian National Scenic Trail (36 CFR 7.100(c)).

resources, scientific research, implementation of management responsibilities, proper allocation and use of facilities, or the avoidance of conflict among visitor use activities will not be adversely impacted. (Emphasis added.)

Although there are no NPS regulations that specifically address BASE jumping, the NPS has a specific policy for BASE jumping in section 8.2.2.7 of NPS *Management Policies* (2006). This policy states that – although generally prohibited by NPS regulations – BASE jumping may be allowed by permit, but only after it is determined to be an appropriate activity through a park planning process.

**Guidance**

The NPS must manage BASE jumping consistent with applicable regulations and policy as follows:

1. A planning process that considers whether BASE jumping is an appropriate activity in the system unit must be completed before the superintendent can consider a permit application. If the planning process has not been completed, superintendents should neither approve nor deny applications for BASE jumping. Instead, they should acknowledge receipt of the application and state that it cannot be considered because the system unit has not completed the required planning process. Superintendents have discretion to decide whether to begin or complete the required planning process taking into account other management responsibilities and priorities.

   Exhibit A to this Memorandum is a template that superintendents can use when responding to permit applicants if the required planning process has not been completed. NPS employees should not make any statements to permit applicants about the appropriateness of BASE jumping until completion of the planning process.

   Note: The only exception to the planning requirement is if a Federal statute or NPS regulation applicable to a system unit does not require a permit for BASE jumping. For example, system units with special regulations that do not require a permit for BASE jumping should manage this activity pursuant to the special regulations.[2]

2. The required planning process should consider potential impacts, both positive and negative, to park values, resources, and visitors from BASE jumping. Determinations about whether BASE jumping is appropriate must comply with NPS policies about use of park areas.[3] The planning process may result in a determination that BASE jumping is appropriate in some, but not all, locations within a system unit.

---

[2] See special regulations for Lake Mead National Recreation Area that allow for powerless flight except in harbors, swim beaches, developed areas, and in other locations designated as closed to this activity (36 CFR 7.48(b)); and special regulations for Lake Meredith National Recreation Area (36 CFR 7.57(c)) that allow for powerless flight except in locations closed to this activity (although a permit may be required under the superintendent's discretionary authority, in which case permits may not be considered until the planning process is complete consistent with the guidance in this Memorandum).

[3] See *Management Policies*, chapter 8.

3. If a planning process has been completed, the superintendent may consider permit applications for BASE jumping. Permit applications for BASE jumping in locations determined to be inappropriate for this activity must be denied, with an explanation that refers to the determination. Superintendents may issue or deny permit applications for BASE jumping in locations determined to be appropriate for this activity, consistent with the criteria stated in 36 CFR 1.6.

4. The required planning process and all permitting decisions must comply with all applicable laws including, but not limited to, the NPS Organic Act, the National Environmental Policy Act, and the Wilderness Act.

**Further Information**

Please contact the following individuals if you have questions about the guidance in this Memorandum:

- For questions about the required planning process, please contact Amanda Jones, Deputy Division Manager, Park Planning & Special Studies; amanda_jones@nps.gov; 771-215-7907.

- For questions about evaluating permits for BASE jumping, please contact your regional Special Park Use Coordinator or Maggie Tyler, Special Park Uses Program Manager; maggie_tyler@nps.gov; 202-513-7092.

Exhibit A – Template Response to Permit Applicants

Dear [applicant]:

We have received your application for a permit for BASE jumping at [insert name of system unit]. National Park Service (NPS) policy requires a determination through a planning process that BASE jumping is an appropriate activity at [insert name of system unit] before the Superintendent can authorize it under a permit. 2006 NPS Management Policies, Section 8.2.2.7.

We have not completed the required planning process for [insert name of system unit] and therefore cannot consider your application at this time.

Thank you for your interest in [insert name of system unit] and the National Park System.

Sincerely,