# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| BASE ACCESS, et al., | Case No. 4:25-cv-790 |
| Plaintiffs, | |
| v. | **SUPPLEMENTAL BRIEF EXPLAINING PROCESS FOR REQUESTING BASE JUMPING PERMIT IN NATIONAL PARK SYSTEM AND PROCESS FOR INITIATING A REQUEST TO AMEND EXISTING REGULATIONS** |
| NATIONAL PARK SERVICE, et al., | |
| Defendants. | |

On December 1, 2025, the Court held an initial conference and heard oral argument related to Defendants' motion to dismiss. *See* Dkt. 31.  During the hearing, the Court requested that Defendants submit additional information on two subjects: 1) what is the process by which a permit for BASE jumping in a unit of the National Park System ("System unit") may be sought and given consideration, and 2) what is the process by which a citizen may initiate a request to amend existing regulations pertinent to this matter.  *Id*.  The two processes are described below.

## I.      Process for requesting a BASE jumping permit in System units.

The National Park Service ("NPS"), an agency within the Department of the Interior, regulates BASE jumping in the National Park System under 36 C.F.R. § 2.17(a)(3).  This regulation prohibits "[d]elivering or retrieving a person or object by parachute, helicopter, or other airborne means, except in emergencies involving public safety or serious property loss, or pursuant to the terms and conditions of a permit." 36 C.F.R. § 2.17(a)(3); *see also* 2006 NPS Management Policies, § 8.2.2.7[1] ("Parachuting (or BASE jumping), whether from an aircraft, structure, or natural feature, is generally prohibited by 36 CFR 2.17(a)(3).  However, if determined through a park planning process to be an appropriate activity, it may be allowed pursuant to the terms and conditions of a permit.").  Thus, under current NPS regulations and policy, BASE jumping is allowed in a System unit, but a permit is required.  And before a superintendent may potentially issue a permit for BASE jumping, NPS must complete a

---

[1] https://www.nps.gov/orgs/1548/upload/ManagementPolicies2006.pdf (last visited Dec. 17, 2025)

planning process that determines whether BASE jumping is an appropriate activity in that particular System unit, and, if so, how to manage the activity at the unit. *See also* Dkt. 19 at 7-8 (discussing NPS's current management of BASE jumping); Dkt. 19-1 (2004 NPS Guidance Memo).

NPS regulations in 36 C.F.R. § 1.6 require that permit applications be submitted to the superintendent of the relevant System unit.  The NPS 2006 Management Policies, which guide NPS's management of System units, state that the superintendent reviews and evaluates a permit request "according to the terms of applicable legislation, regulations, and management planning documents." NPS Management Policies, § 8.6.1.1; *see also* 36 C.F.R. § 1.6(a) (describing process for issuing permits).

NPS's Director's Order #53: Special Park Uses ("Order #53"), issued on February 23, 2010, further explains the criteria and procedures for requesting and issuing permits. [2] According to Order #53, permit requests must be in writing and on approved application forms, superintendents must use certain documents to issue a permit, and superintendents may only approve permits if certain criteria are satisfied.  Order #53 at 4-6.  For example, "[t]here are three primary purposes for issuing a [permit]":

- To impose terms and conditions upon the activity to prevent impairment or unacceptable impacts to park resources, values, and purposes,
- To obtain the signature of the permittee agreeing to the terms and conditions of the document, and
- To establish a written description of the approved use for inclusion in the administrative record.

---

[2] https://www.nps.gov/subjects/policy/upload/DO_53_2-23-2010.pdf (last visited Dec. 17, 2025).

*Id*. at 6.  Before issuing a permit, NPS must also comply with the National Environmental Policy Act, and any other applicable law or regulation. *Id*. at 7.

If a superintendent denies a permit request, the applicant must be informed in writing and the NPS communication must include the reason for the denial.  *Id*. at 8.  Specific denial criteria are set forth in Order #53. *Id.* at 4-5; *see also* 36 C.F.R. § 1.6 (a) and (d) (describing process for issuing and denying permits).  The applicant can challenge a permit denial in court.  Order #53 at 7.

Because many of the events that purportedly gave rise to this action occurred in Yosemite National Park (Dkt. 1, ¶¶ 18, 20, 57–65, 97–103, 110–114), Defendants are attaching as Exhibit 1 the form that a prospective BASE jumper would use to request a permit under 36 C.F.R. § 2.17(a)(3) at Yosemite.  The form is available on Yosemite's website, as are additional instructions, such as where to send the permit request, and how to reach the Park with any questions.[3]  As discussed in the complaint, New River Gorge National Park and Preserve regularly permits BASE jumping for its annual "Bridge Day" event. Dkt. 1, ¶ 69.  New River Gorge uses the same permit request form and has similar instructions on its website.[4]  Similar information and the same permit request form are available online for other System units.

## II.    Process for initiating request to amend existing regulations.

Congress authorized the Secretary of the Interior, acting through NPS, to promote and regulate System units through NPS's Organic Act, as amended and supplemented. 54

---

[3] https://www.nps.gov/yose/planyourvisit/sup.htm (last visited Dec. 17, 2025).
[4] https://www.nps.gov/neri/planyourvisit/permits.htm (last visited Dec. 17, 2025).

U.S.C. § 100101(a); 54 U.S.C. § 100101(b)(2); 54 U.S.C. § 100751(a); *see also Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 289 (1984) (NPS "is charged with responsibility for the management and maintenance of the National Parks and is authorized to promulgate rules and regulations" for their use.).  The Department of the Interior has promulgated a number of rules for NPS pursuant to this authority. *See, e.g.,* 36 C.F.R. §§ 1.1-7.100.[5]

An interested person has a right to ask the Department of the Interior to amend, repeal, or replace any of these rules (such as 36 C.F.R. § 2.17(a)(3)), or to issue a new rule.  Under the Administrative Procedure Act ("APA"), "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).  Departmental regulations instruct interested persons on how to submit a rulemaking petition. *See* 43 C.F.R. § 14.2.  Although the Department is not required to grant every petition for rulemaking it receives, an agency must "conclude" a matter presented to it "within a reasonable time." 5 U.S.C. § 555(b); *see also* 43 C.F.R. § 14.3 ("The petition will be given prompt consideration and the petitioner will be notified promptly of action taken.").  At least two parties have challenged the Department's decisions to deny petitions for NPS rulemakings in the past. *See Pub. Emps. for Envtl. Resp. v. Dep't of Interior*, 832 F. Supp. 2d 5, 23 (D.D.C. 2011) (holding that the Department's decision to deny a rulemaking petition was not arbitrary or capricious under the APA)*; Fund for Animals v. Norton*, 512 F. Supp. 2d 49, 53-55 (D.D.C. 2007) (same).

---

[5] Under 1 C.F.R. § 1, "[r]egulation and rule have the same meaning."

If the Department decides to conduct a rulemaking in response to a petition, it would follow standard rulemaking procedures under the APA. *See* 5 U.S.C. §§ 553(a)-(d).

Respectfully submitted this 19th day of December, 2025.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney
General
Environment & Natural Resources
Division

/s/ *Jeffrey N. Candrian*
JEFFREY N. CANDRIAN
Trial Attorney
Natural Resources Section
Environment and Natural Resources
Division
U.S. Department of Justice
999 18th St., North Terrace, Suite 600
Denver, Colorado 80202
Ph: 202-532-3093
Email: Jeffrey.candrian@usdoj.gov
CO Bar No. 43839

DANIEL LUECKE
Trial Attorney
Natural Resources Section
Environmental and Natural Resources
Division
United States Department of Justice
150 M St. NE
Washington, D.C. 20002
Ph: 202-353-1389
Email: daniel.luecke@usdoj.gov
CA Bar No. 326695

*Attorneys for Defendants*