IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASE ACCESS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL PARK SERVICE, et al., <br><br> *Defendants*. | Case No. 4:25-cv-790 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE REPLY**

Plaintiffs respectfully submit this response in opposition to Defendants' Motion, ECF 39, for leave to file a reply to Plaintiffs' Response, ECF 38, to Defendants' Supplemental Brief, ECF 34. Defendants' request seeks an additional round of briefing beyond what the Court ordered and is thus akin to a sur-reply—which are heavily disfavored and only rarely granted in extraordinary circumstances on a showing of good cause. *See, e.g.*, *DynaEnergetics Eur. GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 561–63 (S.D. Tex. 2022) (denying leave to file sur-reply where other party raised no new arguments, but merely addressed arguments and evidence from prior briefing) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam)); *RedHawk Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020) (per curiam). Defendants' Motion fails to make the requisite showing of good cause for additional briefing.

1

Defendants contend that Plaintiffs' Response "went well beyond the two subjects" identified in the Court's Order requesting supplemental briefing—namely, (1) the process by which a permit for BASE jumping may be sought and considered in a unit of the National Park System, and (2) the process by which a citizen may seek amendment of regulations pertinent to this matter, *see* ECF 31—in that it improperly argued standing and the merits of Defendants' motion to dismiss. ECF 39, ¶ 4. That contention ignores the context in which the Court requested supplemental briefing and the purpose for such briefing that the Court articulated at the December 1, 2025 hearing.

At oral argument, the Court made clear that it sought supplemental briefing on the permitting and rulemaking processes to assess Defendants' standing arguments. The Court summarized Defendants' position as asserting that Plaintiffs' injuries are neither actual nor imminent, and not redressable, *see* Dec. 1, 2025 Hearing Transcript ("Tr."), 30:18-31:6, because "right now there's a permit plan" for BASE jumping, which is "legal" with a permit. Tr. 26:3–5. The Court further asked Defendants to explain what avenue exists "to challenge the [Aerial Delivery Rule] in a regulatory way and seek a revision" to obtain relief. Tr. 30:10–17. And the Court expressly stated that it wanted "Plaintiffs to have an opportunity to give [the Court] their view…if they believe that [the existing processes] would be insufficient"—again, in the context of standing. Tr. 31:3–6. Against that backdrop, it was not only appropriate but necessary for Plaintiffs' Response to address standing in the context of the permit and rulemaking processes.

Defendants' assertion that Plaintiffs improperly revisited the merits of Defendants' motion to dismiss fares no better. The portions of Plaintiffs' Response that Defendants

2

cite—pages 4–5 and 10—address the reality that Defendants' claimed "permit process" for BASE jumping does not, in fact, exist as anything more than an abstraction divorced from operative effect. Defendants identify no independent legal authority requiring a permit for BASE jumping—or criminalizing the activity absent a permit—apart from the Aerial Delivery Rule, which Plaintiffs have consistently alleged does not apply to BASE jumping at all. That point is not new—it is alleged in the Complaint, argued in Plaintiffs' opposition to the motion to dismiss, *see* ECF 23, § III.B.2, and raised at oral argument. *See, e.g.*, Tr. 88:4-91:11 (detailing the ways in which the Aerial Delivery Rule is unconstitutionally vague and does not apply to BASE jumping); Tr. 38:12–25 (clarifying that Plaintiffs do not seek unregulated BASE jumping or the elimination of a permit system); Tr. 39:22–40:16 (explaining that Plaintiffs' core claims concern unconstitutional delegation and vagueness, not the existence of a permit system).

Far from taking a "another bite at the apple," ECF 39, ¶ 5, Plaintiffs' Response situated Defendants' Supplemental Brief within the context of the Complaint's well-pleaded allegations and Plaintiffs' on-the-ground experience with NPS and its purported permitting regime. That explanation was responsive to the Court's inquiry into how, in practice, a person could lawfully BASE jump in the national parks or obtain relief from the challenged regulatory scheme—an inquiry Defendants themselves were unable to answer at oral argument beyond pointing to the bare text of the Aerial Delivery Rule. *See* Tr. 28:15–30:2.

Defendants also suggest that leave to file a reply is warranted because Plaintiffs purportedly "did not accurately describe" NPS's permitting process and made "incorrect

assertions" regarding NPS policies and regulations. ECF 39, ¶ 4. Defendants' disagreement with Plaintiffs' characterizations does not justify additional briefing. As Plaintiffs noted in their Response, at the pleading stage, Plaintiffs are not required to prove the merits of their claims, marshal evidence, or negate Defendants' alternative narratives about how the regulatory scheme supposedly operates. ECF 38 at 1.

Plaintiffs' Response did not expand the scope of the supplemental briefing. It addressed the very subjects on which the Court requested clarification—namely, Defendants' assertions that Plaintiffs lack standing because purported permitting and rulemaking pathways are available. Plaintiffs introduced no new claims or theories and sought no additional opportunity to oppose the motion to dismiss. Defendants' Motion, by contrast, seeks an additional opportunity to rebut Plaintiffs' well-pleaded allegations and explanation as to why the permitting and rulemaking processes are illusory and afford Plaintiffs no realistic pathway to relief. Such disagreement does not warrant another round of briefing, particularly at the pleading stage.

DATED: January 29, 2026                Respectfully submitted,

/s/ Casey Norman
Casey Norman
Litigation Counsel
New York Bar # 5772199
SDTX # 3845489
Casey.Norman@ncla.legal
Attorney-in-Charge

/s/ Kara Rollins
Kara Rollins*
Litigation Counsel

New York Bar # 5448147
Kara.Rollins@ncla.legal
* Pro Hac Vice

NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210

*Counsel for All Plaintiffs*


/s/ Adam Adler
Adam Adler*
New York Bar # 5470174
E-mail: aadler@reichmanjorgensen.com
* Pro Hac Vice

REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K St., NW Suite 800
Washington, DC 20006
Telephone: (202) 894-7312

*Counsel for Plaintiff BASE Access*

5