# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

BASE ACCESS, et al.,

      Plaintiffs,

v.

NATIONAL PARK SERVICE, et al.,

      Defendants.

Case No. 4:25-cv-790

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

Plaintiffs' supplemental brief improperly argued standing (Dkt. 38 at 1-4, 6) and the merits of Defendants' motion to dismiss (*id*. at 4-5, 10).  It also did not accurately describe the National Park Service's ("NPS") permitting process for BASE jumping.

## I.    Plaintiffs do not have standing to bring a pre-enforcement challenge

Plaintiffs argue that they "do not claim to be injured by the denial of BASE jumping permits under a valid regulatory scheme, but by NPS's continuing enforcement of an inapplicable regulation to impose criminal penalties for conduct that Congress never prohibited . . . ."  *Id*. at 3-4; *see also id*. at 6.  This assertion underscores the deficiency in Plaintiffs' allegation of injury.

Because Plaintiffs bring facial challenges and seek declaratory relief (Dkt. 1 at Prayer for Relief), they must demonstrate a "material risk of future harm" that is "sufficiently imminent and substantial." *Perez v. McCreary*, 45 F.4th 816, 827 (5th Cir. 2022) (citation omitted).  The alleged injury must be "certainly impending" and "allegations of *possible* future injury" fail. *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013) (citation omitted).  Further, to bring a pre-enforcement challenge to a criminal law against the government, Plaintiffs must show "a realistic danger of sustaining a direct injury" from the Aerial Delivery Rule's enforcement. *Paxton v. Restaino*, 683 F. Supp. 3d 565, 569 (N.D. Tex. 2023) (citation omitted).

Plaintiffs' argument that NPS's regulatory scheme for BASE jumping is flawed does not establish that they face a realistic, impending *injury* from that scheme.  As Plaintiffs concede in their supplemental brief (Dkt. 38 at 3-4), they do not allege any plans to BASE jump in a national park without a permit, or even apply for a permit.  *See*

Defendants' Reply Brief 1

36 C.F.R. § 2.17(a)(3) (prohibiting BASE jumping *without a permit*).  So there can be no imminent threat of prosecution under the Rule.  Plaintiffs' references to past criminal enforcement (Dkt. 38 at 4) also do not show a "real and immediate threat" of injury. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). *See also Clapper*, 568 U.S. at 416 (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.").

And, regardless of Plaintiffs' characterization of the Rule as inapplicable to BASE jumping (Dkt. 38 at 4-5), they do not explain how the Court could "meaningful[ly]" redress their alleged harm by ruling in their favor (*id.* at 10), since BASE jumping on NPS land would still require additional NPS permission, even with their requested relief. *See Noem v. Haaland*, 41 F.4th 1013, 1018 (8th Cir. 2022).

## II.    Plaintiffs' merits arguments are unavailing

Plaintiffs argue that 36 C.F.R. § 2.17(a)(3) is void for vagueness because the Rule allegedly cannot be applied to recreational activities like BASE jumping. Dkt. 38 at 4, 10. The argument fails.  First, Plaintiffs continue to read out of the regulation the words "person" and "parachute."  The Rule expressly refers to moving people by parachutes, which is exactly what BASE jumping is.  Second, Plaintiffs are wrong that 36 C.F.R. § 2.17(a)(3) did not contemplate regulating recreational activities. The current Rule, promulgated in 1983, clearly intended to regulate recreational activities not expressly named in the regulation. *See* 48 FR 30252, 30258 (June 30, 1983) (responding to 78 comments related to regulating hang gliding under 36 C.F.R. § 2.17(a)(3)).

## III.    Plaintiffs incorrectly describe NPS's permitting process

Plaintiffs incorrectly argue that NPS's position is that BASE jumping is categorically "illegal" in national parks. Dkt. 38 at 2. To support their argument, they point to certain comments supposedly made by NPS employees during the government shutdown, in response to incidents in which BASE jumpers illegally BASE jumped in Yosemite National Park without permits. *Id*. at 2, n.1. To the extent the Court even considers Plaintiffs' lengthy arguments in their footnotes—Rule 18(d) of the Court's Procedures prohibits evidence or argument raised only by footnote—Plaintiffs take these quotes from NPS personnel out of context. Indeed, the Outside Magazine article that Plaintiffs cite clarifies elsewhere that BASE jumping may be allowed by permit after an appropriate planning process. This is consistent with NPS's official position: that BASE jumping is legal, but a permit is required. *See* 2006 NPS Management Policies, § 8.2.2.7.

Plaintiffs are also wrong when they argue that NPS has never undertaken a planning process to assess whether BASE jumping is an appropriate activity at a park. Dkt. 38 at 3. New River Gorge National Park and Preserve determined the activity was appropriate on Bridge Day. Dkt. 1, ¶ 69. And Zion National Park considered allowing BASE jumping as part of its backcountry management plan, but rejected the idea to preserve Zion's natural setting.[1] Further, Yosemite initiated a pilot program for BASE jumping, but ended it because there were significant problems, such as BASE jumpers flouting the permit conditions. Dkt. 1, ¶ 59.

Respectfully submitted this 6th day of February, 2026.

---

[1] https://www.nps.gov/zion/learn/management/upload/ZION-Wilderness-Stewardship_wo_maps_appendices_cover.pdf., PDF 43-44 (last visited Feb. 5, 2026)

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney
General
Environment & Natural Resources
Division

/s/ *Jeffrey N. Candrian*
JEFFREY N. CANDRIAN
Trial Attorney
Natural Resources Section
Environment and Natural Resources
Division
U.S. Department of Justice
999 18th St., North Terrace, Suite 600
Denver, Colorado 80202
Ph: 202-532-3093
Email: Jeffrey.candrian@usdoj.gov
CO Bar No. 43839

DANIEL LUECKE
Trial Attorney
Natural Resources Section
Environmental and Natural Resources
Division
United States Department of Justice
150 M St. NE
Washington, D.C. 20002
Ph: 202-353-1389
Email: daniel.luecke@usdoj.gov
CA Bar No. 326695

*Attorneys for Defendants*